IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02761-BNB

CHRISTOPHER IKEEN JORDAN,

    Plaintiff,

v.

MICHAEL EMMONS, and
DAVID M. THORSON,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Christopher Ikeen Jordan, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Colorado State Penitentiary in Cañon City, Colorado.  Mr. Jordan, acting *pro se*, initiated this action by filing a Prisoner Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.

The Court must construe the Complaint liberally because Mr. Jordan is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court does not serve as a *pro se* litigant's advocate.  *Hall*, 935 F.2d at 1110.  For the reasons stated below, the Complaint will be dismissed.

Mr. Jordan raises three claims challenging his Colorado criminal proceeding. Specifically, Mr. Jordan asserts that his right to a speedy trial was violated, he was denied his right to counsel and due process, and his equal protection rights were violated.  Mr. Jordan seeks money damages, preliminary and permanent injunctive

relief, and an evidentiary hearing in state court to investigate his ineffective assistance of counsel claim.

Plaintiff's claims implicate the validity of his conviction and sentence and are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). Pursuant to *Heck*, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. However, the rule in *Heck* is not limited solely to claims for damages asserted under § 1983. *See Lawson v. Engleman*, 67 F. App'x 524, 525-26 n.2 (10th Cir. 2003) (applying *Heck* to bar claims for declaratory and injunctive relief under § 1983 and 1985). In short, a civil rights action filed by a state prisoner "is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

It is indisputable that Plaintiffs' claims implicate the validity of the sentence he is serving. It also is apparent that Mr. Jordan has not invalidated the sentence he is serving. Therefore, the Court finds that Plaintiff's claims are barred by the rule in *Heck* and must be dismissed. The dismissal will be without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996).

Mr. Jordan's Complaint suffers from several other deficiencies. Defendant Judge

David M. Thorson is absolutely immune from liability in civil rights suits when he is acting in his judicial capacity, unless he acts in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). Judge Thorson's decisions made during Mr. Jordan's trial were actions taken in his judicial capacity. Judge Thorson was not acting in the clear absence of all jurisdiction. Therefore, the claims asserted against Judge Thorson are barred by absolute judicial immunity.

Regardless of whether Defendant Emmons is a private attorney or a public defender who served as advisory counsel for Mr. Jordan, he is not a state actor under § 1983 and is not a proper party to this action. *Polk County v. Dodson*, 454 U.S. 312, 318 and 325 (1981). Nonetheless, as stated above, the Court will dismiss the Complaint and action as barred by *Heck*. Accordingly, it is

ORDERED that Mr. Jordan's claims are dismissed without prejudice as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). It is

FURTHER ORDERED that a *Heck* dismissal counts as a strike under § 1915(g). *See Hafed v. Federal Bureau of Prisons*, 635 F.3d 1172, 1177-78 (10th Cir. 2011).

DATED at Denver, Colorado, this  1st  day of    December   , 2011.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Judge
United States District Court